EL PUEBLO, DEMANDANTE Y APELADO, *v.* PÉREZ ET AL.,
ACUSADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Arecibo en
causa por incendio malicioso.

No. 1762.—Resuelto en junio 2, 1922.

INCENDIO MALICIOSO—ACUSACIÓN—*Bill of Particulars.*—Una objeción a la acusación que equivale a una solicitud para especificación de particulares (*bill of particulars*) es tardía cuando se formula en el momento del juicio.

INCENDIO MALICIOSO DE PLANTACIÓN ''CRECIENTE O POR COSECHAR''—ACUSACIÓN SUFICIENTE.—Expresando la acusación en este caso que los acusados incendiaron una plantación de cañas de azúcar de determinada persona, ''logrando quemar, como quemaron, cierta cantidad de dicha plantación,'' es preciso concluir que alega suficientemente el incendio malicioso de la ''*plantación creciente o por cosechar*'' a que se refiere el artículo 407 del Código Penal.

INCENDIO MALICIOSO—GRADO DEL DELITO—VEREDICTO.—El delito de incendio (*misdemeanor*), a que se refiere el artículo 339 del Código Penal no está necesariamente comprendido en el delito de incendio malicioso (*felony*) a que se refiere el artículo 407 de dicho código.

ID.—PRUEBA DE INCENDIO MALICIOSO.—*Se resolvió* en este caso: que la prueba sometida, la cual se analiza en la opinión, aunque circunstancial, es suficiente para justificar un veredicto de culpabilidad.

ID.—GRADO DEL DELITO.—El artículo 407 del Código Penal no establece distintos grados para el delito de incendio malicioso que define y castiga.

ID.—EVIDENCIA ADMISIBLE.—En el presente caso algunos testigos vieron a algunas personas cometiendo el delito de incendio malicioso. Objetada la declaración de otro testigo quien dijo haber visto a los acusados cerca de la plantación antes del incendio, *se resolvió:* que tal declaración entre otras cosas era parte de la cadena de evidencia circunstancial propia para ser sometida al jurado.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. J. Soto Rivera y P. Santana, Jr.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Esta fué una causa en la cual los acusados esperaron hasta que el jurado fuera citado y juramentado para formular objeciones a la acusación, práctica que invariablemente hemos desaprobado. La objeción formulada a la acusación era de la naturaleza de una solicitud para un pliego de particulares y tal petición viene demasiado tarde cuando se hace

en el momento del juicio. *El Pueblo* v. *Parkhurst,* 29 D. P. R. 920. Desde luego que la corte tiene discreción para considerar tal moción y según parece la ejercitó puesto que negó la moción para que se hiciera más específica la acusación en una razonada decisión. También formuló la defensa una excepción perentoria en el juicio° que fué oída por la corte.

La corte declaró sin lugar la excepción perentoria. Los señalamientos de error sobre la suficiencia de la acusación pueden ser considerados conjuntamente. Así han sido presentados por los apelantes. El artículo 407 del Código Penal prescribe lo siguiente:

"Artículo 407.—Toda persona que voluntaria y maliciosamente quemare algún puente de valor de más de cincuenta dollars, o cualquier edificio o embarcación que no fuere materia de incendio malicioso o .tabaco, o ranchón de tabaco, o cualquiera plantación creciente o por cosechar, pasto o árbol o cualquiera cerca, no perteneciente a dicha persona, incurrirá en pena de presidio por uno a diez años."

La acusación después de una debida introducción alega que los acusados "dieron fuego a una plantación de caña de azúcar" de cierta persona que se menciona, "logrando quemar, como quemaron, cierta cantidad de dicha plantación." Tratamos de la interpretación de las palabras "o cualquiera plantación creciente o por cosechar," y si el incendio de tal cosecha ha sido debidamente alegado en la acusación. Los apelantes en su alegato se limitan a decir que la acusación no expresa que fuera quemada una plantación creciente o por cosechar, y a citar el caso de *El Pueblo* v. *Wys,* 25 D. P. R. 510. Todo lo que en ese caso se resuelve para nuestro actual objeto es que en muchos casos no es bastante con que se sigan las palabras del estatuto. La queja de los apelantes es, si los entendemos, que la acusación no seguía las palabras del estatuto y no describía una plantación creciente o por cosechar. Encontramos que sí lo hacía. Al expresar la acusación que los acusados dieron fuego y quemaron una plantación de cañas, creemos que la interpretación general

de estas palabras sería que se referían a una plantación cre-
ciente o por cosechar; que la plantación tenía cañas.

En la vista los apelantes sugirieron que pudo haber sido
un campo sin cultivar. La regla muy general es que un campo
sin cultivar no es una plantación de cañas. La idea de que
la propiedad quemada era una plantación de cañas está ro-
bustecida por las palabras de la acusación "logrando que-
mar los acusados, como quemaron cierta cantidad de las plan-
taciones de caña de azúcar." Siendo el objeto de una acu-
sación por incendio malicioso u otro delito semejante infor-
mar a los acusados de la clase de propiedad y propiedad en
particular incendiada, los acusados en este caso no fueron
a juicio bajo ninguna idea errónea de que serían juzgados
por incendiar, por ejemplo, un campo sin cultivar. De
acuerdo con la acusación, según la entendemos, el incendio
de una plantación sin cañas hubiera establecido una clara
variante.

Rafael B. Díaz fué examinado por el fiscal y parte de su
declaración fué materia de objeción. Qué era esta declara-
ción o su parte sustancial, no se expresa en el alegato y el
apelante ni siquiera hace referencia a la página de los autos
donde se encuentra su declaración. Evidentemente que el
abogado descansó en que esta corte no sólo examinaría los
autos sino que leería y volvería a leerlos a fin de encontrar
los hechos determinantes del error alegado. Este fué un caso
en que algunos testigos vieron a personas dar fuego a las
cañas e identificaron a una o más de ellas. Otros testigos
refieren que los acusados se encontraban cerca de la misma
plantación antes o después del delito. El testigo Rafael B.
Díaz prestó declaración en este sentido. Era parte de la
cadena de evidencia circunstancial propia para ser sometida
al jurado. En ciertos casos tal declaración podría ser de-
masiado remota, pero los abogados no nos han demostrado
tal cosa en este caso.

Se quejan los apelantes de la negativa de la corte a ins-

truir al jurado de que podían traer un veredicto por un *misdemeanor* dentro de la acusación presentada y de conformidad con el artículo 339 del Código Penal, el cual es como sigue:

"Artículo 339.—Todo el que voluntariamente o por descuido, incendiare, o fuere la causa de que se incendie, algún bosque, pasto, césped, plantío de arbustos u otra propiedad en alguna finca, incurrirá en *misdemeanor*."

El incendio de un árbol ·o tal vez de un campo sin cultivar pudo haber sido el delito imputado en el artículo 339. De acuerdo con el artículo 407 el incendio deberá ser de la propiedad que en dicho artículo se describe, o de lo contrario no se imputa ningún delito. No encontramos nada en el capítulo relativo a incendio malicioso que demuestre que los dos delitos son diferentes grados del mismo delito, o que el delito menos grave (*misdemeanor*) podía considerarse como incluído en el más grave (*felony*).

El quinto señalamiento de error se refiere a las instrucciones, pero gira sobre la misma cuestión envuelta en el ataque que se hace a la acusación.

El sexto señalamiento trata de la suficiencia de la prueba. En un caso de prueba circunstancial por un delito de incendio malicioso generalmente es imposible decir cuál de los acusados ocasionó el incendio, pero hubo prueba tendente a acreditar que todos los cuatro acusados se pusieron de acuerdo en un propósito común y se les vió juntos en un automóvil Ford con anterioridad y después del incendio, el cual se describía específicamente en unión de otras circunstancias. Resulta que cada uno de los acusados fué identificado y varios identificaron a Marrero sobre cuya complicidad o presencia los apelantes sostienen que no hubo prueba. Parte del razonamiento de los apelantes hace referencia a la misma cuestión de si hubo prueba o instrucciones· relativas "a cualquier plantación creciente o por cosechar." Por lo menos un testigo declaró que la caña en cuestión estaba creciendo e iba

a cortarse, y al solicitar la defensa que se hiciera una inspección ocular hubo la solemne admisión de que habían sido quemadas cepas de cañas. Creemos que hubo prueba suficiente para someter al jurado y que no había razón alguna para sospechar que ellos tuvieran prejuicios.

El jurado declaró a los acusados culpables de un delito de incendio malicioso y no especificó el grado y de eso se quejan los apelantes. El artículo 407 del Código Penal está comprendido en el capítulo relativo a "Incendio Malicioso." A los acusados se imputó una forma específica de incendio malicioso. Asimismo sostenemos que el artículo 407 describía especialmente una forma definida de incendio malicioso pero que la división en grados estaba comprendida en la definición más general y corriente de incendio malicioso con referencia a edificios. El artículo 407 prescribía un castigo distinto y no se revela la intención de dividir ese delito en particular en grados.

Estos son todos los errores alegados que requieren consideración y debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.